IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICK PIZZELLA, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br>Plaintiff, <br><br>v. <br><br>EPIC HEALTH SERVICES (DE), LLC, a limited liability company; APRIL MCCOLLEY, individually and as a manager and director of the aforementioned company, <br><br>Defendants. | ) ) ) ) ) ) ) ) Civil Action No. _____ ) ) ) ) ) ) ) ) |

**COMPLAINT**

Plaintiff, Patrick Pizzella, Acting Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Epic Health Services (DE), LLC, and April McColley, individually and as a manager and director of the aforementioned company (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Epic Health Services (DE), LLC ("Epic"), is a limited liability company duly organized under the laws of the State of Delaware. Epic's registered agent is Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE, within the

jurisdiction of this Court. Epic is engaged in a home health care business headquartered and operating out of 10 North Church Street, Milford, DE, within the jurisdiction of this Court.

3. Defendant April McColley is the nursing director of Epic and resides at 127 Hammondtown Road, Harrington, DE, within the jurisdiction of this Court. Ms. McColley has directed employment practices and has directly or indirectly acted in the interest of Epic in relation to its employees at all times relevant herein, including hiring, firing, supervising, and setting the conditions of employment for home health aides, certified nursing assistants, licensed professional nurses, and registered nurses. Ms. McColley also is in charge of new employee orientation and training.

4. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5. Defendants employ persons in domestic service, which affects commerce per Section 2(a)(5) of the Act. Defendants' employees, among other things, provide in-home healthcare services to Epic's patient-clients. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Defendants are employed in an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the Act.

6. Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore,

Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

For example, during the time period from at least November 27, 2016, through at least December 29, 2018, Defendants failed to compensate certain of their employees employed as home health aides, certified nursing assistants, licensed professional nurses, and registered nurses who worked over 40 hours in a workweek at one and one-half times their regular rate. These certain employees traveled an average of 30 minutes from one patient's home to the next patient's home within the same workday. Defendants' employees worked an average of three hours per workweek beyond forty hours traveling between patients' homes during the workday. Defendants failed to compensate these employees for their hours worked traveling between patients' homes during the workday, resulting in Defendants not paying their employees time-and-one-half their regular rates for hours worked in excess of forty per workweek traveling between patients' homes.

7.  Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

For example, Defendants failed to maintain accurate and complete employee time records showing hours worked by day or week due by failing to keep records of hours worked traveling between patients' homes by home health aides, certified nursing assistants, licensed professional nurses, and registered nurses.  29 C.F.R. §§ 516.2, 516.5, 516.6.  Further, Defendants failed to keep proper records of overtime hours and overtime premiums due by failing to keep records of hours worked traveling between patients' homes.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of at least November 27, 2016, and December 29, 2018, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after June 24, 2017, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Mailing Address:

U.S. Department of Labor
Office of the Regional Solicitor
170 S. Independence Mall West
Suite 630E, The Curtis Center
Philadelphia, PA 19106

(215) 861-5141 (voice)
(215) 861-5162 (fax)

krier.brian@dol.gov

**UNITED STATES DEPARTMENT OF LABOR**

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

*/s/ Brian P. Krier*
Brian P. Krier
Senior Trial Attorney

## SCHEDULE A

Abram, Ethel Ashley L
Aguayo, Dorothy
Airey, Kandi A
Amrhein, Kimberly
Appiah, Rosemond
Ayers, Cynthia (Sanchez, Cynthia)
Baker, Jessica
Barnes, Tammy
Batson, Judy
Bivens, Precious
Blake, Iesha
Bolden, Quinsha
Brewington, Demetria S
Brown, Quamel
Brumbley, Bridget
Butler, Wardell
Byington, Wanda Lee
Campbell, Clerona
Cannon, Shirlretha D
Carrow, Lauren O
Cazeau, Nicole
Clements, Lori L
Coker, Christiana
Colon, Luanne
Conti, Jennifer
Cowan, Krystal
Darby, Tina
Debrosse, Altagrace
Dick, Chiau L
Edwards, Simicole M
Ferger, Jacqueline
Garrison, Tria M
Gonzalez, Aniah
Green, Ciara
Groff, Patricia
Grow, Christine L
Gwanmesia, Eunice
Harmon, Monica R
Harris, Monique
Hearn, Kelsey
Hernandez, Olivia
Hernandez, Rochelle
Hicks, Jessica D
Hileman, Aretha J

Hooks, Cierra L
Hopkins, Quayshetta
Hsu, Philip
Huggins, Ashley N
Hurd, Samantha Jo L
Hurd, Valerie V
Jaimes, Angela Maria
Johnson, Bobbie
Johnson, Cecelia
Johnson, Kenyanta A
Johnson, Stacey
Jones, Cordrin M
Joynes, Candice M
Kaduk, Bulban J
Kerkula, Elizabeth
Kerkula, Elizabeth S
Kerkula-Wilson, Grace
Ligon, Donna
Lillston, Lakeya
Lofland, Christy N
Mahammitt, Inez Elaine
Marceline, Yefon
Marshall, Andrea A
Marshall, Andrea L
Mckay, Luopu
Midgett, Willie Mae
Miller, Krystina N
Mingo, Donna A
Mirade Isler, Ronell R
Moore, Anita
Mosley, Tonia L
Mullen, Tiffany
Parker, Kathea
Parker, Shanitta
Patrice, Mireille
Peek, Cassi L
Price, Hollace Marie
Quarrick, Kayla M
Quinones, Jeovana
Reed, Cynthia
Richardson, Benjamin K
Roberts, Amanda M
Ryan, Anna T
Santiago, Karitza
Scott, Tammy
Smack, Parris

Smith, Marilyn
Spence, April L
Spry, Sasha N
Taylor, Marlene
Thompson, Dwede W
Thompson, Kelly K
Timmons, Ann E
Titus, Williane
Walston, Gwendolyn
Wardy, Theresa
Wayman, Wakina
Wells-Waples, Latonya M
White, Tyheesha M
Whitley, Helen
Williams, Charlotte
Wilson, Tiffany N
Winder, Nyja S
Woodruff, Deshika