IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EUGENE SCALIA[1],<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>EPIC HEALTH SERVICES (DE), LLC, a limited liability company; APRIL MCCOLLEY, individually and as a manager and director of the aforementioned company,<br><br>Defendants. | Civil Action No. 19-1824 (RGA) |

**CONSENT JUDGMENT**

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor, hereinafter referred to as "Plaintiff" or "the Secretary," has filed his Complaint alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (hereinafter "the Act"). In order to amicably resolve the disputed issues of fact and law concerning this matter, Defendants Epic Health Services (DE) LLC and April McColley (hereinafter "Defendants") hereby agree to the terms and entry of this Consent Judgment. It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown:

ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), and 15 of the Act, in any manner, specifically:

---

[1] Eugene Scalia is substituted for former Acting Secretary of Labor Patrick Pizzella. Fed. R. Civ. P. 25(d).

1.	Defendants shall not, contrary to Section 7 of the Act, employ any of their employees including, but not limited to, any of their employees working at 10 North Church Avenue, Milford, DE 19963, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

2.	Defendants shall not fail to compensate their employees for all hours worked traveling between patients' homes during the workday.

3.	Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at 10 North Church Avenue, Milford, DE 19963, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

4.	Defendants shall not fail to keep and maintain accurate and complete employee time records showing hours worked traveling between patients' homes during the workday. Defendants shall not fail to keep and maintain accurate and complete employee records of overtime hours worked and overtime premiums due, including for work performed traveling between patients' homes during the workday.

5.      Defendants shall not discharge or take any retaliatory action against any of their employees, whether or not directly employed by Defendants, because the employee engages in any of the following activities pursuant to Section 15(a)(3) of the Act:

   a.      Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

   b.      Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the Defendants or another employer with whom there is a business relationship;

   c.      Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

It is further ORDERED, ADJUDGED and DECREED by the Court that:

6.      Defendants are enjoined and restrained from withholding gross back wages, less applicable withholdings and deductions required by law, in the sum total amount $142,978.81, and are jointly and severally liable for the payment of $142,978.81 in alleged liquidated damages, due the employees and former employees of Defendants set forth and identified in Schedule A, which is attached hereto and made a part hereof. Defendants will issue one check to each individual listed on Schedule A for back wages and one check to each individual listed on Schedule A for alleged liquidated damages.

7. The provisions of this Consent Judgment relative to back wage and liquidated damages payments shall be deemed satisfied when Defendants mail to the employees identified in the attached Schedule A the aggregate amount of $285,957.62 (less withholdings and deductions for back wages) to their last-known addresses within forty-five (45) days of the entry of this Judgment by the Court. Defendants shall make payment directly to the identified employees in accordance with the amounts listed in the Schedule A, and in accordance with the following procedures:

   a. Within 45 days of the Court's entry of the Consent Judgment, Defendants shall pay and mail directly to the employees the amounts set forth in Schedule A, less the appropriate payroll withholdings and deductions for back wages. Defendants shall remain responsible for all tax payments considered to be the "employer's share," including but not limited to the Federal Insurance Contributions Act (FICA) tax and Unemployment Insurance (UI) tax;

   b. Within 30 days of mailing the payments pursuant to Paragraph 8(a), Defendants shall furnish to the U.S. Department of Labor, Wage and Hour Division, Philadelphia District Office, 1617 John F Kennedy Blvd., Suite 1780 Philadelphia, PA 19103, a list of all employees who have not been paid (due to missing address or otherwise). The list shall include the employee's last known address, social security number, and the attempts made to locate each person;

   c. Within 30 days of issuing and mailing payment to the employees, Defendants shall furnish to the U.S. Department of Labor, Wage and Hour Division, Philadelphia District Office, 1617 John F Kennedy Blvd., Suite 1780 Philadelphia, PA 19103, payroll records demonstrating payment to the

employees. The payroll records will show the employee name, address, social security number (to the extent known), and the gross and net compensation amounts paid to each such employee. Furthermore, Defendants shall provide to the Wage and Hour District Office copies of each of the cancelled checks delivered to the employees no later than 10 days from Defendants' receipt of such information from their financial institution(s), or within 35 days of the entry of this Judgment by the Court, whichever comes later. The information maintained and provided by Defendants shall be sent to the Wage and Hour Division at the above address.

d. If, for any reason (e.g., because of inability to locate an employee or because of his/her refusal to accept it) Defendants is unable to make payment to any employee as required herein within 30 days after first mailing the checks, Defendants shall submit one aggregate payment by ACH transfer, credit card, or debit card at https://www.pay.gov/public/form/start/77689032, referencing Case Identification No. 1820603. Alternatively, payment may be made by certified check, bank check, or money order, payable to "Wage and Hour Division, U.S. Department of Labor," and mailed to the Northeast Regional Office, The Curtis Center, Suite 850 West, 170 S. Independence Mall West, Philadelphia, PA 19106-3323. The check shall reference Case Identification No. 1820603. Furthermore, Defendants shall provide to the Wage and Hour District Office a schedule identifying the name(s) and amount(s) due to the employee(s) to whom payments under this Consent

Judgment were not made, to the U.S. Department of Labor, Wage and Hour Division, Philadelphia District Office, 1617 John F Kennedy Blvd., Suite 1780 Philadelphia, PA 19103. Defendants shall have up to 30 days following the 30-day expiration period prescribed by Paragraph 8(c) of this Consent Judgment to re-issue the aggregate payment to Wage and Hour.

    e. The Wage and Hour division will distribute the proceeds referred to in Paragraph 8(d) to the persons identified on the Schedule A, or to their estates, if necessary. To the extent any amounts of unpaid compensation are not so paid within a period of 3 years from the date of receipt thereof, because of inability to locate the proper persons or because of their refusal to accept the back wages, such amounts shall be delivered into the Treasury of the United States as miscellaneous receipts pursuant to 29 U.S.C. 216(c).

8. Neither Defendants, nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies.

9. The parties agree that the instant action is deemed to solely cover Defendants' business and operations for the relevant period for all claims raised in the Complaint as a result of the Secretary's investigation. The parties agree that the filing of this action and the provisions of this Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Schedule A or the Secretary for any period after December 29, 2018, or any persons, be they current or former employees, not specifically named on Schedule

A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act.

10. Defendants agree that Defendant Epic Health Services (DE) LLC is an employer within the meaning of Section 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

11. It is FURTHER ORDERED, ADJUDGED AND DECREED that each party, including Defendants, shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

12. It is FURTHER ORDERED, ADJUDGED AND DECREED that this Action is hereby dismissed.

/s/ Richard G. Andrews
Richard G. Andrews
UNITED STATES DISTRICT JUDGE

Date: February 7, 2020

Defendants hereby consent to the entry of this Judgment.

For Defendant Epic Health Services (DE) LLC:

*signature*

Oni Holley Brown
VP- Deputy General Counsel/Chief Litigation Officer

Defendant April McColley:

*signature*

April McColley, individually and as former manager of the aforementioned company,

*signature*

James H. McMackin, III (Bar I.D. #4284)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800
jmcmackin@morrisjames.com
Attorney for Defendants

For the Secretary:

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

*signature*

Brian P. Krier
Senior Trial Attorney
PA ID #313826

U.S. Department of Labor
Office of the Solicitor, Region III Suite 630E, The Curtis Center 170 S. Independence Mall West Philadelphia, PA 19106-3306
215-861-5141 (phone)
215-861-5162 (fax)
krier.brian@dol.gov
U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff

8

## CONSENT JUDGMENT – SCHEDULE A

| Name | Overtime Back Wages | Liquidated Damages | Total |
|---|---|---|---|
| ABRAM, ETHEL ASHLEY L | $82.50 | $82.50 | $165.00 |
| AGUAYO, DOROTHY | $345.00 | $345.00 | $690.00 |
| AIREY, KANDI A | $724.84 | $724.84 | $1,449.68 |
| AMRHEIN, KIMBERLY | $41.11 | $41.11 | $82.21 |
| APPIAH, ROSEMOND | $4,630.56 | $4,630.56 | $9,261.12 |
| AYERS, CYNTHIA (SANCHEZ, CYNTHIA) | $18.91 | $18.91 | $37.82 |
| BAKER, JESSICA | $1,709.76 | $1,709.76 | $3,419.53 |
| BARNES, TAMMY | $649.65 | $649.65 | $1,299.29 |
| BATSON, JUDY | $76.50 | $76.50 | $153.00 |
| BIVENS, PRECIOUS | $891.48 | $891.48 | $1,782.97 |
| BLAKE, IESHA | $24.75 | $24.75 | $49.50 |
| BOLDEN, QUINSHA | $57.48 | $57.48 | $114.96 |
| BREWINGTON, DEMETRIA S | $78.00 | $78.00 | $156.00 |
| BROWN, QUAMEL | $21.38 | $21.38 | $42.76 |
| BUTLER, WARDELL | $72.86 | $72.86 | $145.72 |
| BYINGTON, WANDA LEE | $350.20 | $350.20 | $700.41 |
| CAMPBELL, CLERONA | $8,073.30 | $8,073.30 | $16,146.60 |
| CANNON, SHIRLRETHA D | $5,677.25 | $5,677.25 | $11,354.50 |
| CARROW, LAUREN O | $97.50 | $97.50 | $195.00 |
| CAZEAU, NICOLE | $640.82 | $640.82 | $1,281.64 |
| COLON, LUANNE | $134.19 | $134.19 | $268.39 |
| CONTI, JENNIFER | $905.19 | $905.19 | $1,810.38 |
| COWAN, KRYSTAL | $30.01 | $30.01 | $60.01 |
| DARBY, TINA | $7,199.63 | $7,199.63 | $14,399.26 |
| DEBROSSE, ALTAGRACE | $108.98 | $108.98 | $217.96 |
| DICK, CHIAU L | $1,068.51 | $1,068.51 | $2,137.02 |
| EDWARDS, SIMICOLE M | $1,607.44 | $1,607.44 | $3,214.87 |
| FERGER, JACQUELINE | $78.40 | $78.40 | $156.79 |
| GARRISON, TRIA M | $6,337.51 | $6,337.51 | $12,675.01 |
| GONZALEZ, ANIAH | $182.61 | $182.61 | $365.22 |
| GREEN, CIARA | $58.35 | $58.35 | $116.70 |
| GROFF, PATRICIA | $344.16 | $344.16 | $688.33 |
| GROW, CHRISTINE L | $171.89 | $171.89 | $343.78 |
| GWANMESIA, EUNICE | $563.67 | $563.67 | $1,127.35 |
| HARMON, MONICA R | $162.00 | $162.00 | $324.00 |

| Name | Overtime Back Wages | Liquidated Damages | Total |
|---|---|---|---|
| HARRIS, MONIQUE | $5,109.89 | $5,109.89 | $10,219.79 |
| HEARN, KELSEY | $27.00 | $27.00 | $54.00 |
| HERNANDEZ, OLIVIA | $4,133.76 | $4,133.76 | $8,267.52 |
| HERNANDEZ, ROCHELLE | $455.56 | $455.56 | $911.11 |
| HICKS, JESSICA D | $3,120.89 | $3,120.89 | $6,241.79 |
| HILEMAN, ARETHA J | $1,667.30 | $1,667.30 | $3,334.59 |
| HOOKS, CIERRA L | $711.10 | $711.10 | $1,422.21 |
| HOPKINS, QUAYSHETTA | $27.00 | $27.00 | $54.00 |
| HUGGINS, ASHLEY N | $157.57 | $157.57 | $315.13 |
| HURD, SAMANTHA JO L | $1,195.58 | $1,195.58 | $2,391.16 |
| HURD, VALERIE V | $3,589.94 | $3,589.94 | $7,179.88 |
| JAIMES, ANGELA MARIA | $193.88 | $193.88 | $387.75 |
| JOHNSON, BOBBIE | $406.34 | $406.34 | $812.68 |
| JOHNSON, CECELIA | $16,229.30 | $16,229.30 | $32,458.59 |
| JOHNSON, KENYANTA A | $10,252.64 | $10,252.64 | $20,505.28 |
| JOHNSON, STACEY | $35.25 | $35.25 | $70.50 |
| JONES, CORDRIN M | $1,677.91 | $1,677.91 | $3,355.83 |
| JOYNES, CANDICE M | $4,294.90 | $4,294.90 | $8,589.79 |
| KADUK, BULBAN J | $945.12 | $945.12 | $1,890.24 |
| KERKULA, ELIZABETH S | $693.00 | $693.00 | $1,386.00 |
| KERKULA-WILSON, GRACE | $261.42 | $261.42 | $522.85 |
| LIGON, DONNA | $27.41 | $27.41 | $54.81 |
| LILLSTON, LAKEYA | $345.79 | $345.79 | $691.57 |
| LOFLAND, CHRISTY N | $73.15 | $73.15 | $146.30 |
| MAHAMMITT, INEZ ELAINE | $65.15 | $65.15 | $130.31 |
| MARCELINE, YEFON | $243.00 | $243.00 | $486.00 |
| MARSHALL, ANDREA A | $36.78 | $36.78 | $73.57 |
| MARSHALL, ANDREA L | $221.76 | $221.76 | $443.51 |
| MCKAY, LUOPU | $284.91 | $284.91 | $569.82 |
| MIDGETT, WILLIE MAE | $338.11 | $338.11 | $676.22 |
| MILLER, KRYSTINA N | $48.75 | $48.75 | $97.50 |
| MINGO, DONNA A | $778.15 | $778.15 | $1,556.29 |
| MIRADE ISLER, RONELL R | $2,806.79 | $2,806.79 | $5,613.58 |
| MOORE, ANITA | $4,165.92 | $4,165.92 | $8,331.84 |
| MOSLEY, TONIA L | $1,064.63 | $1,064.63 | $2,129.25 |
| MULLEN, TIFFANY | $85.99 | $85.99 | $171.97 |
| PARKER, KATHEA | $6,919.75 | $6,919.75 | $13,839.49 |
| PARKER, SHANITTA | $62.42 | $62.42 | $124.83 |

CONSENT JUDGMENT – SCHEDULE A – PAGE 2

| Name | Overtime Back Wages | Liquidated Damages | Total |
|---|---|---|---|
| PATRICE, MIREILLE | $253.84 | $253.84 | $507.67 |
| PEEK, CASSI L | $680.39 | $680.39 | $1,360.78 |
| QUARRICK, KAYLA M | $2,554.78 | $2,554.78 | $5,109.57 |
| QUINONES, JEOVANA | $64.12 | $64.12 | $128.25 |
| REED, CYNTHIA | $716.80 | $716.80 | $1,433.59 |
| RICHARDSON, BENJAMIN K | $1,056.60 | $1,056.60 | $2,113.21 |
| RYAN, ANNA T | $78.81 | $78.81 | $157.63 |
| SANTIAGO, KARITZA | $61.69 | $61.69 | $123.38 |
| SCOTT, TAMMY | $905.34 | $905.34 | $1,810.68 |
| SMACK, PARRIS | $1,217.84 | $1,217.84 | $2,435.68 |
| SMITH, MARILYN | $410.66 | $410.66 | $821.33 |
| SPENCE, APRIL L | $797.25 | $797.25 | $1,594.51 |
| SPRY, SASHA N | $46.99 | $46.99 | $93.98 |
| TAYLOR, MARLENE | $469.97 | $469.97 | $939.94 |
| THOMPSON, DWEDE W | $39.07 | $39.07 | $78.14 |
| THOMPSON, KELLY K | $1,986.98 | $1,986.98 | $3,973.96 |
| TIMMONS, ANN E | $1,168.39 | $1,168.39 | $2,336.78 |
| TITUS, WILLIANE | $1,883.77 | $1,883.77 | $3,767.54 |
| WALSTON, GWENDOLYN | $2,426.21 | $2,426.21 | $4,852.42 |
| WARDY, THERESA | $101.25 | $101.25 | $202.50 |
| WAYMAN, WAKINA | $2,547.77 | $2,547.77 | $5,095.53 |
| WELLS-WAPLES, LATONYA M | $200.34 | $200.34 | $400.68 |
| WHITE, TYHEESHA M | $99.38 | $99.38 | $198.75 |
| WILLIAMS, CHARLOTTE | $1,011.87 | $1,011.87 | $2,023.74 |
| WILSON, TIFFANY N | $148.07 | $148.07 | $296.14 |
| WINDER, NYJA S | $2,738.54 | $2,738.54 | $5,477.09 |
| WOODRUFF, DESHIKA | $3,341.91 | $3,341.91 | $6,683.82 |
| | **$142,978.81** | **$142,978.81** | **$285,957.62** |

CONSENT JUDGMENT – SCHEDULE A – PAGE 3